**STATE of Tennessee, Appellee,**

v.

**Winston Kendrick FIVEASH, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Oct. 14, 1982.

Russell X Thompson, James E. Eikner, Jr., Memphis, for appellant.

William M. Leech, Jr., State Atty. Gen., Jennifer Helton Small, Asst. State Atty. Gen., Nashville, Thomas D. Henderson, Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

BYERS, Judge.

The defendant was convicted of being an habitual drug offender and received a sentence of thirty (30) years and a fine of twenty-five thousand dollars ($25,000.00).

The defendant says the trial judge improperly allowed withdrawal of his guilty pleas to three (3) indictments for selling and possessing cocaine and says the subsequent trial on the indictment for being an habitual drug offender violated double jeopardy provisions.

The judgment convicting the defendant of being an habitual drug offender is reversed, and the charge is dismissed.

On February 27, 1981, the defendant pled guilty to three indictments for selling and possessing cocaine. The punishment agreed upon was a sentence of not less than four (4) years and not more than fifteen (15) years to run concurrently with a fine of five hundred dollars ($500.00) for each indictment. The trial court accepted the plea and set punishment as agreed.

The defendant, after serving four (4) to five (5) months of his sentence, filed a post-conviction petition pro se in which he alleged his sentence was in excess of the statutory maximum of ten (10) years, his pleas were coerced by counsel and the trial judge, and counsel was ineffective.

On June 18, 1981, the trial court entered a consent order setting aside the defendant's sentences on the guilty pleas and reinstating the three indictments to the trial docket. The trial court's reason for entering this order was because the sentences imposed exceeded the statutory maximum. The court did not hear the constitutional bases alleged in the defendant's post-conviction petition.

Subsequent to this, the grand jury indicted the defendant on a charge of being an habitual drug offender. The three offenses alleged[1] to support the charge were the same offenses to which the defendant had previously pled guilty.

At the time of the indictment and at the time of the trial on the habitual drug offender indictment, the defendant had previously been convicted of the offenses alleged in the indictment charging the defendant with being an habitual drug offender.

The trial judge did not set aside the previous convictions at the post-conviction proceedings. He only set aside the sentences, which were void because the sentences of four (4) to fifteen (15) years on the guilty pleas exceed the statutory maximum. The Post-Conviction Procedures Act, T.C.A. § 40–3805, gives the trial judge jurisdiction to set aside a conviction or a sentence when either is void or voidable by reason of constitutional defect.

After the trial judge set aside the sentences, the only thing left to do was to fix punishment on the convictions, which were valid and had not been set aside. The subsequent trial of the defendant on a charge of being an habitual drug offender was a violation of the defendant's constitutional right not to be again placed in jeopardy on these offenses.

Therefore, we reverse the conviction of the defendant under the indictment charg-

---

1. This was prior to the 1982 amendment of the      Habitual Drug Offender Act.

ing him with being an habitual drug offender and dismiss the charge. We point out the defendant has three convictions on which punishment has not been fixed, and the trial court should proceed accordingly.

We have considered the other issues raised by the defendant and find them to be without merit.

WALKER, P.J., and DUNCAN, J., concur.